CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 27 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHIRLEY J. BOWE, ) | |
| ) | Civil Action No. 7:12CV00577 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | By: Honorable Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Shirley J. Bowe, was born on January 24, 1954, and eventually reached the eighth grade in school. Some time later, Mrs. Bowe earned a "GED" degree. Plaintiff has worked as a bus driver and production operator. She last worked on a regular and sustained basis in 2003.

Mrs. Bowe first filed application for a period of disability and disability insurance benefits on December 3, 2003. Her claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated November 18, 2005, the Law Judge denied plaintiff's claim for benefits. The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Upon appeal to this court, the court affirmed the final decision of the Commissioner.

On May 23, 2006, Mrs. Bowe filed a second application for disability insurance benefits, as well as an application for supplemental security income benefits. On this occasion, plaintiff alleged that she became disabled for all forms of substantial gainful employment on November 19, 2005, due to fibromyalgia, diabetes, neuropathy, and severe arthritis. (TR 323). At the time of an administrative hearing on October 31, 2007, plaintiff amended her applications to reflect an alleged disability onset date of February 20, 2006. (TR 68). Mrs. Bowe's second set of applications was denied upon initial consideration and reconsideration. She again requested and received a de novo hearing and review before an Administrative Law Judge. On January 23, 2008, the Law Judge also determined that Mrs. Bowe was not disabled. On that occasion, the Law Judge found that plaintiff possessed residual functional capacity for past relevant work as a bus driver. Mrs. Bowe then sought review by the Social Security Administration's Appeals Council.

While plaintiff's case was proceeding before the Appeals Council, Mrs. Bowe filed a new set of applications for disability insurance benefits and supplemental security income benefits. As to the third set of applications, the state disability agency determined that plaintiff became disabled for all forms of substantial gainful employment as of January 24, 2009. On June 16, 2010, the

Appeals Council remanded plaintiff's second set of applications for further consideration by an Administrative Law Judge. Specifically, the Appeals Council questioned whether plaintiff possessed sufficient functional capacity to work as a bus driver during the period of time adjudicated in connection with the second set of applications. The Appeals Council also directed the Administrative Law Judge to obtain additional evidence, as well as input from a vocational expert, so as to assess plaintiff's capacity for alternate work activity.

Following conduct of a supplemental administrative hearing, an Administrative Law Judge produced a new opinion on plaintiff's second set of applications on May 20, 2011. Under the Law Judge's analysis of the case, the remaining issue concerns plaintiff's entitlement to benefits between November 19, 2005, the day following the final decision on her first application, through January 24, 2009, the date of disability onset established pursuant to the third set of applications.[1] The Law Judge found that, during the relevant period of time, Mrs. Bowe suffered from moderate degenerative disc disease of the cervical spine; spondylosis of the lumbar spine, especially at L4-L5 and L5-S1; fibromyalgia; right shoulder pain status post rotator cuff repair in 2004; generalized osteoarthritis and arthralgias of the right knee; diabetes mellitus; and obesity. Because of these impairments, the Law Judge ruled that plaintiff was disabled for all of her past relevant work activities. However, the Law Judge determined that Mrs. Bowe retained sufficient functional capacity for a limited range of light work. Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge concluded that Mrs. Bowe was not disabled from November 19, 2005 through January 23, 2009, and

---

[1] It is undisputed that Mrs. Bowe met the insured status requirements of the Act at all relevant times between November 19, 2005 and January 24, 2009. See generally, 42 U.S.C. §§ 416(i) and 423(a).

3

that she is not entitled to back benefits for that earlier period. See generally 20 C.F.R. §§ 404.1520(g) and 416.920(g). On this occasion, the Law Judge's opinion was adopted as the final decision of the Commissioner by the Appeals Council. Having exhausted all available administrative remedies, Mrs. Bowe now seeks review by this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Although the paperwork generated in connection with plaintiff's third set of applications is not part of the current administrative record, it seems, without question, that Mrs. Bowe's third set of claims was approved based on application of the medical vocational guidelines once plaintiff attained "advanced age," and given the finding of residual functional capacity for no more than light exertion.[2] Thus, the critical

---

[2] Based on her third set of applications, it was determined that Mrs. Bowe became disabled on January 24, 2009, the date of her fifty-fifth birthday. Under 20 C.F.R. §§ 404.1563(e) and 416.963(e), she was deemed to be of "advanced age" as of that day. Given her advanced age, as well as her high school education and lack of transferrable work skills, and based on residual functional capacity for no more than light exertion, Rule 202.06 of Appendix 2 of Subpart P of the Administrative Regulations Part 404 directs a determination of disabled. See 20 C.F.R. §§ 404.1569 and 416.969.

issue in the case currently before the court is whether Mrs. Bowe had become disabled for light work activity prior to her fifty-fifth birthday on January 24, 2009.[3]

As recognized by the Administrative Law Judge, Mrs. Bowe suffered from a variety of physical problems and nonexertional impairments during the period of time under consideration. The medical record confirms that plaintiff's musculoskeletal difficulties and fibromyalgia constituted her most serious problems, at least in terms of performance of work-related activities. In finding residual functional capacity for light exertional activity, the Administrative Law Judge relied on findings and opinions from plaintiff's treating orthopaedic specialist, Dr. Dallas Crickenberger, and a consulting neurosurgeon, Dr. John C. Fraser. Following an office visit on February 24, 2006, Dr. Crickenberger reported as follows:

> The patient comes today with continued pain from the area of the lumbosacral junction, going to the right buttocks, at times going into the anterior groin, but primarily down the posterolateral thigh to at times below the knee to the foot and associated tingling with the pain. Pain is achy in nature, moderate to severe, increases with increased activity, at times it is severe, and tingling is associated with the pain.
>
> She is here in followup. No change in physical findings, location of pain, or type of pain on examination. The hip on the right side moves well, no tenderness over the greater trochanter, and good motion. The right knee end lower extremity has only been a referred type pain.
>
> MRI scan had been done in the interim in reference to lumbosacral spine, read by Roger P. Wiley, MD on 2/17/06, and showed mild stenosis at L4-5 and L5-S1 in the intervertebral foramen. Also some central posterior disc protrusion observed at the L4-5 level with mild stenosis of the spinal canal.
>
> These findings were discussed with the patient and correlated with the clinical picture. I am arranging a referral to Dr. Fraser, a neurosurgeon, for evaluation of the back. She has had some recent complaints of neck pain that she also plans on

---

[3] Given the operative factors, and assuming residual functional capacity for no more than sedentary work, Rule 201.14 of Appendix 2 directs a determination of disabled at all relevant times.

discussing with Dr. Fraser when she sees him in reference to assessment of her lower spine.

(TR 583).

Dr. Fraser saw Mrs. Bowe on February 28, 2006. After summarizing plaintiff's symptomatology, as well as the results from the earlier objective studies, Dr. Fraser listed the following clinical findings and impressions:

> On physical examination, heart is regular. Lungs are clear. Abdomen is soft and nontender. She complains of pain during the normal maneuvers of the examination, but with encouragement, is able to heel walk, toe walk, and do knee bends well. She is unable to touch the floor kneeling from a chair. Biceps, triceps, brachioradialis, knee, and ankle reflexes are symmetrical. Toes are downgoing. She complains of pain and "burning" in her fingers with testing of intrinsic muscle strength in both hands. There is giving way in all muscle groups of both upper extremities. Straight-leg raise is negative sitting and positive lying down. No other motor or sensory deficit or evidence of myelopathy is identified.
>
> I do not recommend any surgery on her lumbar spine. I have ordered x-rays and an MRI of the cervical spine. If alarming pathology is noted on those studies, we will call her back. Otherwise, I told her we would forward her results to her primary care doctor. I told her I though that the greater likelihood is that these studies will look okay. I have given her the cervical isometric exercises and Williams lumbar exercises to do. Unless we see something on the cervical spine, I do not recommend any neurosurgical intervention, but would be happy to re-evaluate her should a different problem arise.

(TR 571). The medical record also includes the additional diagnostic studies ordered by Dr. Fraser. A brain scan was interpreted as normal. A cervical spine study revealed degenerative disc narrowing at C4-5, C5-6, and C6-7 with bilateral foraminal encroachment at each level. There were no fractures or instability. A cervical spine MRI on March 5, 2006 revealed moderate C4-5 and C5-6 spondylosis.

After receiving Dr. Fraser's consultative report, and the results from the new diagnostic studies, Dr. Crickenberger submitted additional findings following an office visit on March 4, 2006.

Dr. Crickenberger noted Dr. Fraser's recommendation against surgical intervention. He listed objective findings as follows:

> Clinically, the right and left hands have good range of motion, pain on the palms, pain not localized, and pain not affected by motion. No major swelling or gross deviation of the fingers. Both shoulders are symptomatic, right greater than left. Painful when she holds the arm out to the side. Occasionally, the arms feel weak. Tenderness on the medial aspect of the clavicles, bilaterally. No dislocation of the shoulders and ___, good range of motion, negative impingement test, and negative drop-arm test.
>
> Thoracic spine generally painful throughout the middle third of the thoracic spine, long standing, and followed by Dr. Fraser.

(TR 596).

In denying benefits, the Law Judge also relied on reports from two state agency physicians, Dr. Thomas Phillips and Dr. Richard Surrusco. While neither physician actually examined Mrs. Bowe, both had the opportunity to review the objective studies cited by Dr. Crickenberger and Dr. Fraser. Both physicians concluded that Mrs. Bowe retained sufficient functional capacity for light levels of work. (TR 774, 853).

In short, the court believes that the Commissioner might reasonably interpret the reports from Dr. Crickenberger, Dr. Fraser, Dr. Phillips, and Dr. Surrusco as supportive of a finding of residual functional capacity for up to light levels of exertion at all relevant times covered by the case now before the court. All four physicians considered plaintiff's subjective complaints, and all four physicians had the opportunity to review the results from objective studies. The court believes that these reports constitute substantial evidence in support of the finding that Mrs. Bowe did not become disabled prior to January 24, 2009.

On appeal to this court, plaintiff asserts that the Commissioner erred in not according controlling weight to the report of Dr. Trevor Chapmon. Dr. Chapmon is an internist who has provided regular treatment for Mrs. Bowe's combination of impairments. On February 20, 2006, Dr. Chapmon reported as follows:

> I am writing in response to your letter concerning Shirley Bowe and her disability claim. She has multiple problems which would affect her functional ability in the work environment Her last CT scan of the lumbar spine showed significant degenerative changes at multiple levels, as well as the sacroiliac joints. These findings, along with a history of rotator cuff repair surgery to the right shoulder and ACL repair to the right knee, would certainly limit her functional ability. She also has diabetes and is starting to show symptoms of diabetic neuropathy.
>
> Considering these medical issues, it would be very reasonable to limit her work activity to standing or walking no more than 2 hours a day with frequent breaks, lifting no more than 15 lbs occasionally or 5 lbs frequently, and using upper extremities only occasionally above the level of the chest. Any activity above this level would put her at increased risk of further injury to her shoulders, and could potentially exacerbate her ongoing pain.

(TR 567). On October 19, 2007, Dr. Chapmon confirmed that his findings and assessments remained the same as on February 20, 2006.

The court believes that there is substantial evidence in support of the Law Judge's decision not to fully credit the opinion of Dr. Chapmon. Initially, the court notes that there is some discrepancy between Dr. Chapmon's interpretation of the diagnostic studies and those of Dr. Crickenberger and Dr. Fraser. More to the point, Dr. Chapmon noted "significant degenerative changes at multiple levels" in finding plaintiff disabled for anything more than very sedentary levels of activity. On the other hand, Dr. Crickenberger and Dr. Fraser reported mild changes and mild stenosis. While the cervical spine MRI on March 5, 2006 revealed moderate spondylosis at C4-5 and C5-6, Dr. Crickenberger did not note any need for more aggressive treatment of Ms. Bowe's

condition at the time of her office visit on April 4, 2006. For purposes of assessment of opinion evidence, 20 C.F.R. §§ 404.1527(c)(5) and 416.927(c)(5) provide that, generally, more weight should be given to the opinion of a specialist than to those of a medical source who is not a specialist. As noted above, Dr. Crickenberger is an orthopaedic specialist and Dr. Fraser is a neurosurgeon. Thus, the Law Judge might reasonably give greater weight to the findings and impressions of Dr. Crickenberger and Dr. Fraser than to those of Dr. Chapmon, an internist.

More importantly, the court believes that Dr. Chapmon's assessment of plaintiff's residual functional capacity is not fully consistent with his treatment plan. For example, as late as July 17, 2007, despite plaintiff's complaints of significant neck and shoulder pain, Dr. Chapmon advised Mrs. Bowe to "be more active," engage in physical therapy, and participate in pool therapy. (TR 945). On September 19, 2007, Dr. Chapmon reported that Mrs. Bowe had not been compliant in engaging in the therapy and exercise programs which he had prescribed. The court believes that the Law Judge might reasonably interpret Dr. Chapmon's treatment recommendations as evidence of a greater degree of residual functional capacity than suggested by Dr. Chapmon in his letter of February 20, 2006.

The court also concludes that there is evidence in support of the Law Judge's finding that, despite her combination of physical and nonexertional limitations, plaintiff retained sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy at all relevant times on and before January 23, 2009. At the most recent administrative hearing in this case, on April 22, 2011, the Law Judge propounded the following hypothetical question to a vocational expert:

> Q: Hypothetical number one, assume an individual such as the claimant who retains the residual functional capacity to perform work that requires the following, lifting and carrying no more than 20 pounds occasionally, ten pounds frequently. Standing and walking, no more than six hours in an eight-hour day. Sitting for no more than six hours in an eight- hour day. Pushing and pulling is limited in the upper extremities to the lift/carry amount. Never crawling. Occasional climbing of ramps and stairs, balancing, kneeling, stooping, crouching. Occasional reaching above the chest level. In work that does not require working around hazardous machinery and unprotected heights, climbing ladders, ropes, scaffolds, or working on vibrating surfaces.

(TR 52). In response, the vocational expert identified several unskilled, light work roles which plaintiff could have been expected to perform. (TR 53). It appears to the court that the vocational expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence in this case.

In summary, the court believes that there is substantial evidence to support the Commissioner's resolution of the very sharp factual conflicts in this case. It follows that the final decision of the Commissioner must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Mrs. Bowe is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that plaintiff suffers from very serious musculoskeletal problems which can be expected to result in definite subjective symptoms. However, it must again be noted that some of plaintiff's complaints are not consistent with the findings of the doctors who have evaluated her medical record, or the treatment plan of the physician who has treated her most regularly. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that, in assessing the medical record and formulating hypothetical questions for the vocational expert, the

Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 27th day of August, 2013.

/s/ Jim Conrad
Chief United States District Judge